UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| WANDA L CARPENTER | : | DOCKET NO. 2:06-cv-522 |
| VS. | : | JUDGE MINALDI |
| MICHAEL J. ASTRUE, COMMISSIONER OF SSA | : | MAGISTRATE JUDGE WILSON |

REPORT AND RECOMMENDATION

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits. This matter has been referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

After a review of the entire administrative record and the briefs filed by the parties, and pursuant to 42 U.S.C. § 405(g), the undersigned finds that the Commissioner's decision is supported by substantial evidence in the record. *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

BACKGROUND

On January 14, 2003, Wanda L. Carpenter filed an application for disability and Disability Income Benefits (DIB) with the Social Security Administration, alleging an inability to work beginning October 5, 1999 due to leg and back pain. (Tr. 57). It was determined that Carpenter was insured for disability benefit purposes through December 31, 2002. (Tr. 25,51). Her application was denied at the initial stage of the administrative process on April 2, 2003. (Tr. 25). Carpenter then requested and received a hearing before an Administrative Law Judge ("ALJ"). The hearing was held on February 5, 2004 (Tr. 150-167), and on March 24, 2004 the ALJ found that Carpenter was not disabled under the Act (Tr. 16-23). Specifically, the ALJ applied the Medical-Vocational Guidelines at Step 5 of the sequential evaluation process to find that Carpenter was not disabled at any time through December 31,

2002. (Tr. 23). She appealed to the Appeals Council, and on September 15, 2005 the Appeals Council denied her request for review. (Tr. 4-6). Thereafter, Carpenter filed a petition for review with this court, seeking reversal of the Commissioner's decision on the grounds that (1) there is not substantial evidence to support the ALJ's Residual Functional Capacity determination and (2) the ALJ erred in using the Medical-Vocational Guidelines instead of obtaining testimony from a vocational expert.

## STANDARD OF REVIEW

The court's review of the ultimate decision of the Commissioner is limited to determining whether the administrative decision is supported by substantial evidence and whether the decision is free of legal error. *Dellolio v. Heckler*, 705 F.2d 123 (5th Cir. 1993). Where the Commissioner's decision is supported by substantial evidence, the findings therein are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's decision is not supported by substantial evidence when the decision is reached by applying improper legal standards. *Singletary v. Bowen*, 798 F.2d 818 (5th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. at 401.

When appearing before the ALJ, the claimant has the burden of proof to establish a medically determinable physical or mental impairment that prevented her from engaging in any substantial gainful activity for at least twelve consecutive months. *See*, 42 U.S.C. § 1382c(a)(A). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen,* 864 F.2d 340, 343-344 (5th Cir. 1988). The reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Greenspan v. Shalala*, 38 F.3d 232, (5th Cir. 1994).

## LAW AND ANALYSIS

The Commissioner evaluates disability claims under the Social Security Act through a five-step

process: (1) Is the claimant currently working and engaged in substantial gainful activity? (2) Can the impairment or combination of impairments be classified as severe? (3) Does the impairment(s) meet or equal a listed impairment in Appendix 1 of the Commissioner's regulations? (If so, disability is automatic.) (4) Does the claimant's residual functional capacity permit her to perform past relevant work? and if not, (5) Can the claimant perform other work? 20 C.F.R. §§ 404.1520, 416.920. When a finding of "disabled" or "not disabled" may be made at any step, the process is terminated. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). The first four steps place the burden upon the claimant. At the fifth step, the burden shifts to the Commissioner to establish that the claimant can perform other work. If the Commissioner meets this burden, then the claimant must prove that he cannot in fact perform the work suggested. *See Falco v. Shalala*, 27 F.3d 160 (5th Cir. 1994); *Muse v. Sullivan*, 925 F.2d 785 (5th Cir. 1991).

**Issue 1: Whether the ALJ's RFC Determination is Supported by Substantial Evidence**

Following a determination at Step 3 that the claimant is not disabled, the ALJ will assess and make a determination regarding the claimant's residual functional capacity based on all of relevant medical evidence and other evidence in the record. 20 CFR § 404.1520(e). In this case, the ALJ determined that prior to December 31, 2002 Carpenter had the residual functional capacity to perform the full range of light work with occasional climbing, balancing, stooping, crouching, and crawling. (Tr. 23). In reaching this conclusion, the ALJ considered the medical evidence, the functional capacity evaluation performed on Carpenter, and Carpenter's testimony.

The medical evidence in the record establishes that Carpenter has a disc bulge at L4-5 and a very slight abnormality on the left L5 nerve. (Tr. 110). The diagnosis given by Dr. Perry was lumbar degenerative disc disease/lumbar radiculopathy/lower back pain. (Tr. 20, 111-113). Dr. Perry's notes further indicate that Carpenter's posture, gait and heel and toe walking were normal; she had pain in her back upon extension but that forward flexion and bending were normal; upon examination of the

lumbar spine, Carpenter's range of motion was normal; she could squat normally; no deformity was noted; she was non tender to palpation, and her hips, knees, and ankle joints had a symmetrical non painful range of motion; straight leg raise caused pain in the buttock, thigh and lateral left leg and foot in the seated and supine positions; there was no tenderness in the sciatic tract; the patellar and Achilles tendon reflexes were symmetrical bilaterally; her motor and sensory examinations were normal; no atrophy was noted; Carpenter's leg lengths were equal as were her thigh and calf circumferences; her deep tendon reflexes were symmetrical. (Tr. 107-113). Following a diskography on August 3, 2001, Dr. Perry reported that Carpenter had some pain at L4-5 but that it was inconsistent and not concordant. He further noted that the information from this procedure was "inconclusive and does not support a procedure on this disk space." (Tr. 106). On August 21, 2001 Dr. Perry recommended a functional capacity evaluation and recommended that Carpenter be given a "permanent partial impairment rating, and job restrictions."

A residual functional capacity evaluation was performed on Carpenter. This functional capacity evaluation is not contained in the record, however, Carpenter's medical records note that this evaluation was performed on October 31, 2001 and established that she retained the functional capacity to perform medium work. (Tr. 122).[1] Tthe court finds that the functional capacity evaluation performed on plaintiff provides support for a finding that Carpenter could at least perform light work during the relevant time period.

The ALJ also relied on Carpenter's testimony to support his RFC determination. Specifically, he found that her ability to fix meals, do some housework, work puzzles, read, and do needle crafts were "similar to work-related activities that the claimant could perform" and that if the difficulties that she experienced did not affect her ability to perform these activities, such difficulties "would not affect

---

[1] A physical residual functional capacity assessment was also performed by the State agency non-physician adjudicator on February 17, 2003. (136-143). However, the ALJ disregarded the 2003 RFC assessment because it was performed by a non-physician.

4

her ability to do work-related activities." (Tr. 20-21).

Further, the ALJ considered the non-exertional impairment of pain alleged by Carpenter and found that although she suffered from pain, the evidence did not support a finding that she is unable to perform any work on a sustained basis because of the pain. (Tr. 21).  The Fifth Circuit has held that pain, in and of itself, can be a disabling condition, but only when it is "constant, unremitting, and wholly unresponsive to therapeutic treatment." *Falco v. Shalala*, 27 F.3d 160 (5th Cir. 1994); *Wren, supra*. The medical records do not support such a finding; Dr. Perry's notes indicate that "the patient did have some pain at L4-5 but it was inconsistent and not concordant." (Tr. 106).  Further, the ALJ found that Carpenter's allegations regarding her limitations were not totally credible.  Thus, while pain can be severe enough to create a disabling condition, "[t]he evaluation of a claimant's subjective symptoms is a task particularly within the province of the ALJ who has had an opportunity to observe whether the person seems to be disabled." *Loya v. Heckler*, 707 F.2d 211, 215 (5th Cir.1983); *see also Falco v. Shalala*, 27 F.3d 160 n. 18 (5th Cir. 1994).  The ALJ's decision on the severity of pain is entitled to considerable judicial deference.  *James v. Bowen*, 793 F.2d 702, 706 (5th Cir.1986); *Wren v. Sullivan*, 925 F.2d 123, 128 (5th Cir.1991).

The undersigned finds that contrary to Carpenter's allegations, the ALJ did not disregard Dr. Perry's recommendation regarding job restrictions.  The RFC given by the ALJ was based on a finding that Carpenter suffered from impairments which limited her to light work.  This determination is supported by substantial evidence in the record.

**Issue 2: Whether the ALJ erred in using the Medical-Vocational Guidelines**

Next Carpenter challenges the ALJ's finding at Step 5 of "not disabled" based upon his use of the Grids.  She claims that because of the existence of a non-exertional impairment, i.e. pain, the ALJ was required to obtain testimony from a vocational expert.

The ALJ's decision indicates that he found that Carpenter suffered from pain and that she "has

mild difficulties in maintaining concentration, persistence and pace due to her pain." (Tr. 18). In assessing Carpenter's RFC, the ALJ considered all of her symptoms, including the limitations caused by her pain, and concluded that she retained the residual functional capacity to perform light work. (Tr. 19). Because the ALJ found that Carpenter's pain did not further compromise her ability to perform light work, the ALJ's reliance on the grids was not improper. *Fraga v. Bowen* 810 F.2d 1296, 1301-04 (5th Cir. 1987).

For these reasons,

IT IS RECOMMENDED taht the Commissioner's decision be affirmed and the matter dismissed.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, September 19, 2007.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE